## THE PEOPLE *v.* BONILLA.

### APPEAL from the District Court of Mayagüez.

#### No. 80.—Decided June 18, 1907.

COMPLAINT—PLACE AT WHICH CRIME IS COMMITTED—DEMURRER.—Where a complaint fails to state either the place or the judicial district within which a crime is committed and no objection is raised to the complaint before the trial court, such complaint will be deemed to be sufficient.

ID.—Although it is not expressly required, as in the case of an information, that the complaint state that the crime was committed at a place within the territorial jurisdiction of the court, and although the same formalities are not required for a complaint as for an information, nevertheless, good practice requires that the place at which the crime is committed be expressly set forth in a complaint as well as in an information, and where proper and opportune objection is made in this respect, it must be sustained.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case originated in the Municipal Court of Añasco on the 4th of November, 1906. The accused, Leoncio Bonilla, was denounced by a sergeant of the Insular Police for posting on the walls of a dwelling house an obscene ballad, ridi-

culing Muñoz in terms too indecent for transcription and incapable of translation into English. The prosecution was begun and carried on under article 283, paragraph 3 of the Penal Code. The accused was found guilty in the municipal court and fined $25, with an alternative of one month imprisonment.

From this judgment he appealed to the District Court of Mayagüez, where a retrial was had. The accused was defended by counsel and prosecuted by the district attorney. The judgment of the court was that the defendant be imprisoned in jail for one year and pay all costs. From this judgment he took an appeal to this court, but no counsel has appeared herein in his behalf; nor has any brief been filed in this court, nor does there appear in the record any bill of exceptions or statement of facts.

The complaint does not allege the town or the district within which the offense was committed, nor could the court judicially know that the house of the widow of Pesante was within the municipal district of Añasco, or the judicial district of Mayagüez. But there was no plea to the jurisdiction, and no objection or demurrer whatever was made to the complaint on this account. As far as they could do so, the jurisdiction both of the Municipal Court of Añasco and the District Court of Mayagüez, was tacitly accepted by the *fiscal* and by the attorney for the defendant.

In the absence of any general demurrer or special exception to the complaint, we will not hold it insufficient, though we might do so if it had been properly excepted to at the proper time. As has heretofore been said by this court in the case of *The People of Porto Rico* v. *Arnada Masó* in the opinion written by Mr. Justice Wolf:

"It would be better practice if the complaint should specify the exact place where the crime was committed, especially as the jurisdiction of the municipal court located at Caguas includes both Caguas and Aguas Buenas, by virtue of the Judiciary Act of March 10, 1904."

The court again says, in the case of *The People of Porto Rico* v. *Francisco Feliciano and Juan Pérez,* that:

"It is also seen from the complaint that the crime was committed within the jurisdiction of the Municipal Court of Mayagüez, or in other words, in the match factory owned in the said city by Messrs. Grau Hermanos; but we recommend as a better practice that, in all complaints or informations, the place where the crime was committed and the municipal or district court having jurisdiction of the same, be clearly and definitely stated."

This is the most recent case upon the subject, and was decided during the present month.

It will be noticed that section 23 of the Code of Criminal Procedure prescribes that the complaint or affidavit shall contain as particularly as may be the offense and the circumstances attending its commission. It is not specifically required as in cases of information that it should appear from the complaint that the offense was committed at some place within the jurisdiction of the court. As is said by this court in the opinion in the case of Aranda above quoted, less particularity even is necessary for a complaint than for an information; but while we recognize that complaints made before the municipal judges and Justices of the Peace must necessarily be prepared with less skill than an information presented to the district court; still, we are clearly of the opinion that a proper practice would require that the venue should be specifically laid in a complaint as well as in an information, and should this objection be made at the proper time and in the proper manner, to the complaint, it should be sustained.

But in this case, as in many others which we have heretofore decided, we must say that this court cannot reverse the judgment of the court below, since there is no fundamental error appearing in the record, and no error whatever appears in the record which is calculated to injure the rights of either of the parties, and which was duly excepted to in the trial

court as is provided in section 1 of an Act relating to the reversal of judgments in criminal cases by the Supreme Court, etc., approved on the 30th of May, 1904. (See Laws of 1905, p. 10), which volume contains the acts of the extraordinary session of the Second Legislative Assembly of Porto Rico.

The duty of the Supreme Court in cases such as this is clearly laid down in this remedial statute, which was intended to cut off all frivolous appeals and such as are taken for delay only. We feel bound to enforce this statute as well as all others which are passed for our guidance.

Believing that substantial justice has been done in the premises, the judgment of the District Court of Mayagüez entered on the 24th of January last, should, in all things, be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.